IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

CHRISTOPHER EVERETT                                                                                   PLAINTIFF

v.                                          3:20-cv-00228-DPM-JJV

IAN WARD, Sergeant,
North Central Unit, ADC *et al.*                                                                   DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**RECOMMENDATION**

**I.    INTRODUCTION**

Christopher Everett ("Plaintiff") has filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging Defendant Sergeant Ian Ward violated his constitutional rights by delaying delivery of his legal mail while he was a prisoner in the North Central Unit of the Arkansas Division of Correction ("ADC"). (Doc. 1.) He also claims Defendants Warden Nurzuhal Faust and ADC Director

1

Dexter Payne knew about Defendant Ward's actions but failed to take corrective action. (*Id.*) Plaintiff brings these claims against Defendants in their official and individual capacities. (*Id.*) As relief, he seeks monetary damages and an injunction. (*Id.*)

Defendants have filed a Motion for Summary Judgment arguing they are entitled dismissal based on the doctrines of sovereign and qualified immunity. (Docs. 48, 49, 50.) Plaintiff has not filed a Response, and the time to do so has expired. For the following reasons, I recommend the Motion be GRANTED, Plaintiff's claims against all three Defendants be DISMISSED with prejudice, and this case be CLOSED.

## II.     SUMMARY JUDGEMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material

will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III. FACTS

The relevant facts, which are undisputed and taken from Plaintiff's deposition and grievances, are as follows. (Docs. 20-2, 20-3, 48-1). On May 25, 2020, Defendant Ward delivered to Plaintiff six pieces of legal mail that were postmarked May 19, 2020. (*Id*.) One document was a "court hearing" notice, to which Plaintiff had fourteen days to respond. (Doc. 48-1 at 17-18). Plaintiff did not seek an extension of time to prepare his response, and he does not claim it was late. (*Id*. at 19.) The other documents Plaintiff received on May 25, 2020, were interrogatory responses and letters from opposing counsel, none of which required a response from Plaintiff.[1] (*Id.* at 23.)

On May 27, 2020, Plaintiff filed grievance NC-20-451 challenging the late delivery of his legal mail. (Doc. 20-2.) During an internal investigation conducted by a non-party ADC officer, Defendant Ward said he delivered the mail to Plaintiff on May 25, 2020, which was the day he received it from the prison mail room. (*Id*.) Based on that explanation, Defendant Faust denied the grievance as having no merit. (*Id*.) And, he explained to Plaintiff that the six days between the May 19, 2020 postmark and May 25, 2020 delivery was likely when the mail was in transit from the sender to the prison. (*Id*.) Defendant Payne affirmed Defendant Faust's ruling on appeal. (*Id*.)

---

[1] During his deposition, Plaintiff said that in February and March 2020, Defendant Ward delivered approximately five pieces of legal mail "a couple" of days late. (Doc. 23-1 at 13-16.) And, in a grievance Plaintiff said that on May 23, 2020, Defendant Ward delivered three pieces of legal mail that were postmarked on May 21, 2020. (Doc. 20-2.) However, Plaintiff clarified during his deposition that this lawsuit is <u>only</u> about the May 25, 2020 delivery of the six pieces of legal mail that were postmarked on May 19, 2020. (Doc. 48-1 at 25- 29.)

3

On June 3, 2020, Plaintiff filed grievance NC-20-477 saying Defendant Ward could not have delivered his legal mail on the same day that it arrived at the prison because the mail room was closed on May 25, 2020 for Labor Day. (Doc. 20-3.) During a new investigation conducted by a non-party ADC employee, Defendant Ward admitted he actually received the six pieces of legal mail on Thursday, May 21, 2020. (*Id*. at 10.) Defendant Ward said he "accidentally placed it [mail] in the wrong file," discovered the error when he returned to work on Monday, May 25, 2020, and "immediately" delivered it to Plaintiff. (*Id.*) Defendant Ward's supervisor verbally counseled him about the possible consequences if the error was repeated and put documentation in his personnel file. (*Id.* at 9-12.) Defendant Faust found grievance NC-20-477 had merit but had been resolved. (*Id*. at 5-7). And, Defendant Payne affirmed that ruling on appeal (*Id.*)

IV.   **ANALYSIS**

   A.   **Sovereign Immunity**

Defendants argue they are entitled to sovereign immunity from the claims raised against them in their official capacities. The doctrine of sovereign immunity, which is derived from the Eleventh Amendment, precludes the recovery of monetary damages from state officials acting in their official capacities, unless the state has waived its immunity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kruger v. Nebraska*, 820 F.3d 295, 301(8th Cir. 2016). Defendants are state officials, and the State of Arkansas has not waived its Eleventh Amendment immunity. *Burk v. Beene*, 948 F.2d 489, 493-94 (8th Cir. 1991). Thus, I conclude Defendants are entitled to sovereign immunity on Plaintiff's request for monetary damages against them in their official capacities.

Although Defendants do not mention it, the doctrine of sovereign immunity does not apply

4

to Plaintiff's request for injunctive relief. *See Larson v. Kempker,* 414 F.3d 936, 939-40 (8th Cir. 2005); *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997). However, injunctive relief is now moot because Plaintiff is currently in a halfway house and no longer in the North Central Unit where Defendant Ward was allegedly delaying his legal mail. *See Zajrael v. Harmon*, 677 F.3d 353, 354 (8th Cir. 2012) (a prisoner's claim for injunctive relief is moot if he or she is longer subjected to the allegedly unconstitutional conditions); *Owens v. Isaac,* 487 F.3d 561, 564 (8th Cir. 2007) (same). Accordingly, I also recommend Plaintiff's request for injunctive relief be dismissed with prejudice.

### B. Qualified Immunity

Defendants say they are entitled to qualified immunity from Plaintiff's request for monetary damages against them in their individual capacities. I agree. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields them from monetary liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not fact. *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional rights; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful. *See Pearson v. Callahan*,

555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016). Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson,* 555 U.S. at 232; *Nelson v. Corr. Med. Servs*., 583 F.3d 522, 528 (8th Cir. 2009). For the following reasons, I find Defendants are entitled to qualified immunity based on the first prong of the analysis.

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey,* 518 U.S. 343, 350 (1996); *Zink v. Lombardi*, 783 F.3d 1089, 1108 (8th Cir. 2015). To defeat qualified immunity and proceed to trial on this claim, Plaintiff must have evidence he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *Holt v. Howard,* 806 F.3d 1129, 1133 (8th Cir. 2015); *Williams v. Hobbs,* 658 F.3d 842, 851–52 (8th Cir. 2011). In this respect, "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis,* 518 U.S. at 355; *see also Johnson v. Hamilton,* 452 F.3d 967, 974 (8th Cir. 2006). Plaintiff has not presented <u>any</u> evidence he was actually harmed by Defendant Ward delivering his legal mail four days late. To the contrary, Plaintiff testified during his deposition that he timely responded to the court order, he did not seek an extension of time to do so, and the remaining mail did not require his response. The lack of an actual injury is fatal to Plaintiff's claim against Defendant Ward.

Plaintiff's claim against Defendants Faust and Payne also fails, as a matter of law, because there can be no corrective inaction claim against prison supervisors without an underlying constitutional violation for them to correct.[2] *See Carpenter v. Gage*, 686 F.3d 644, 651 (8th Cir.

---

[2] It is unclear if Plaintiff is also alleging Defendants Faust and Payne violated his due process rights by not properly investigating his grievances. However, it is well settled that there is no freestanding constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d

2012); *Sims v. Lay*, Case No. 05-2136, 2007 WL 328769 (8th Cir. Feb. 2, 2007) (unpublished decision). Further, it is undisputed Defendants Faust and Payne investigated Plaintiff's claims against Defendant Ward and took corrective action against him when the second investigation, conducted by non-parties, revealed he failed to timely deliver Plaintiff's mail. *See McGuire v. Cooper*, 952 F.3d 918, 922 (8th Cir. 2020) (to proceed to trial, a prisoner must have evidence the supervisors received notice of a pattern of unconstitutional conduct but failed, with deliberate indifference, to take remedial measures). Accordingly, I conclude all three Defendants are entitled to qualified immunity, and I recommend the claims raised against them in their individual capacities be dismissed with prejudice.

V.      **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. 48) be GRANTED; Plaintiff's claims against Defendants Ward, Faust, and Payne be DISMISSED with prejudice; and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting these recommendations would not be taken in good faith.

DATED this 9th day of September 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).